# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * *
TERRY KNIGHT,
                              No. 12-822V

               Petitioner,          Special Master Christian J. Moran

v.                               Filed: October 3, 2013

SECRETARY OF HEALTH         Decision on the record; insufficient
AND HUMAN SERVICES,        proof of causation; chronic inflammatory
                                    demyelinating polyneuropathy (CIDP);
               Respondent.       influenza vaccine
* * * * * * * * * * * * * * * * * * * * * *

Lawrence R. Cohan, Anapol, Schwartz, et al., Philadelphia, PA, for petitioner;
Michael P. Milmoe, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION [1]

Terry Knight filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300a-10 et. seq., on November 29, 2012. Her petition alleged that she developed chronic inflammatory demyelinating polyneuropathy ("CIDP"), as a result of receiving an influenza vaccine administered to her on September 29, 2010. Petition at 1. The information in the record, however, does not show entitlement to an award under the Program.

### I. Procedural History

With her petition, Ms. Knight filed a set of medical records and an affidavit (exhibits 1-9). Following the filing of her petition, Ms. Knight filed additional medical records (exhibits 10-12) then a statement of completion on January 9, 2013, and an expert

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this ruling on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

report, by Dr. Marcel Kinsbourne, on January 14, 2013 (exhibit 13). Dr. Kinsbourne asserted that Ms. Knight developed a demyelinating disease "one day" after vaccination. Exhibit 13 at 7.

On February 8, 2013, respondent filed a status report on the completeness of petitioner's medical records, which identified several outstanding records necessary for the evaluation of Ms. Knight's claim for compensation. One of the missing records was the record from the date of vaccination. That same date, petitioner was ordered to provide the requested medical records by April 9, 2013, and the filing of respondent's Rule 4 report was suspended.

By March 26, 2013, Ms. Knight had filed additional medical records (exhibits 15-19) and a second statement of completion. Exhibit 15 included records from her date of vaccination.

On June 4, 2013, respondent filed her Rule 4 report recommending that compensation be denied. Respondent cited evidence from exhibit 15 suggesting Ms. Knight's neurological symptoms began before vaccination. Respondent further requested a supplemental report from Dr. Kinsbourne in light of the information contained in Exhibit 15.

Following the June 18, 2013 Rule 5 status conference, petitioner was ordered on June 25, 2013, to file a supplemental expert report from Dr. Kinsbourne.

On September 16, 2013, before the extended due date of petitioner's expert report, petitioner filed an unopposed motion for ruling on the record stating that upon reviewing Exhibit 15, Dr. Kinsbourne was unable to support a causal relationship in this case. Ms. Knight effectively requested that the Court dismiss her petition.

## II. Analysis

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), Ms. Knight must prove either 1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to her vaccination, or 2) that she suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that Ms. Knight suffered a "Table Injury." Thus, she is necessarily pursuing a causation-in-fact claim.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, because the medical records do not support Ms. Knight's claim, a medical opinion must

be offered in support.  Ms. Knight, however, has admitted to the Court that her own expert is unable to determine a causal connection between the petitioner's injury and the vaccine received.

Accordingly, it is clear from the record in this case that Ms. Knight has failed to demonstrate either that she suffered a "Table Injury" or that her injuries were "actually caused" by a vaccination.  **Thus, this case is dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6353.

> **IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master
